1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8               FOR THE EASTERN DISTRICT OF CALIFORNIA

9    THOMAS TORCHIA,

10            Plaintiff,                    No. CIV S-04-0673 GEB CMK

11        vs.

12   CITY OF REDDING, et al.,

13            Defendants.

14   _____/        FINDINGS AND RECOMMENDATION

15            Plaintiff is a state prisoner proceeding pro se, who, on April 4, 2004, filed a complaint

16   on behalf of his deceased son alleging civil rights violations, wrongful death, and negligence.  The

17   success, if any, of plaintiff's anticipated prosecution of these claims was and is contingent upon his

18   appointment in state court as personal representative of his deceased son's estate. On November 12,

19   2004, the court stayed this action to and including May 5, 2005, or until plaintiff was appointed

20   personal representative of the Estate of Tim Torchia, whichever event first occurred.   On April 6,

21   2005, this court granted plaintiff's request to extend the stay to and including July 5, 2005.

22            On June 13, 2005, plaintiff requested the court grant him a second extension of time

23   to initiate the state probate action.[1]  Plaintiff alleges that he needs more time because San Quentin's

24

25        [1]  The plaintiff improperly entitled this filing "Petition for Writ of Mandate and Status
     Update."  The text of this document, however, demonstrates that it is a request for an extension
26   of time and injunctive relief.

1

litigation officer and the entire Shasta County Court system are not cooperating with his litigation efforts. Plaintiff, however, has not provided the court with any evidence of how these parties prevented him from beginning the state probate action. Plaintiff offers only these blanket allegations. The court is not persuaded by plaintiff's allegations because plaintiff has not made any real effort to proceed with his probate action in the past nine months. Plaintiff blames his lack of progress on government officials. As a result, any additional extensions of time would be futile.

Attendant to these issues is the plaintiff's assumption that he would qualify as the personal representative of his son's estate. The court does not share this optimism. This court has no information that would lead it to believe that the plaintiff could qualify as a personal representative, or even if so, whether he would be the most suitable candidate in light of his incarceration. The court is concerned whether he would be able to perform the many duties and responsibilities of a personal representative since he has been unable for the better part of a year to begin with the easiest task of the office, namely, completing the preprinted judicial council forms and causing them to be filed in the appropriate state court.

The plaintiff also requests a court order directing San Quentin's litigation officer to facilitate a telephonic hearing and the Shasta County Court system to cooperate with his litigation efforts. The court construes such requests as requests for injunctive relief.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the

1   issue of likelihood of success on the merits.  Id.

2          In the present case, the plaintiff has not made any such showing.  Plaintiff alleges that

3   he received a note from the litigation officer stating that the litigation officer will facilitate a

4   telephonic probate hearing upon a request from the court.  Plaintiff has not included this note with

5   any of his filings, and the court is skeptical as to what type of probate hearing would be involved

6   when the plaintiff has not even initiated a filing in the state court system.  The court will not grant

7   injunctive relief on plaintiff's conclusory allegations.  Therefore, plaintiff's request for injunctive

8   relief should be denied.

9          In accordance with the above, IT IS HEREBY RECOMMENDED that:

10          1.  Plaintiff's request for continuation of the "stay" be denied;

11          2.  That the "stay" of proceedings entered by this court on November 12, 2004, be

12              lifted;

13          3.  Plaintiff's request for injunctive relief be denied; and

14          4. Civ. Case No. S-04-0673 GEB CMK, be dismissed without prejudice.

15          These findings and recommendations are submitted to the United States District

16   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days

17   after being served with these findings and recommendations, any party may file written objections

18   with the court and serve a copy on all parties.  Such a document should be captioned "Objections

19   to Magistrate Judge's Findings and Recommendations."

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

1        Any reply to the objections shall be served and filed within ten days after service of the

2   objections.  The parties are advised that failure to file objections within the specified time may waive

3   the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4

5   DATED:   September 1, 2005.

6

7                                                        _____
                                                         **CRAIG M. KELLISON**
8                                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26